UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SPRIGGS, | No.  2:13-cv-2622 MCE AC PS |
| Plaintiff, | |
| v. | ORDER AND |
| CARRIE LOVE, | FINDINGS & RECOMMENDATIONS |
| Defendant. | |

Plaintiff Matthew Spriggs commenced an unlawful detainer action in the Sacramento County Superior Court on September 13, 2013.  Notice of Removal ("NOR"), ECF No. 1-2 at 1. Defendant Carrie Love removed this action on December 18, 2013 purportedly on the basis of subject matter jurisdiction, along with a request to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a party seeks to proceed in forma pauperis, the court shall dismiss the case if the court determines that the plaintiff fails to state a claim upon which relief can be granted.  A plaintiff fails to state a claim when the court lacks jurisdiction over the subject matter of the complaint.  See Fed. R. Civ. P. 12(b)(1).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Id.  Removal is proper only if the court could have

exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.

Attached to the Notice of Removal is a copy of the complaint filed by plaintiff in the Sacramento County Superior Court. The complaint contains a single claim for unlawful detainer. In defendant's removal notice, it is asserted that the court has jurisdiction pursuant to Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3631. Defendant accuses plaintiff of trying to oust her from her place of residence on the basis of her race and handicap. Plaintiff's complaint for unlawful detainer, however, does not state claims under any federal law. Rather, defendant appears to assert that her federal rights are at issue by virtue of defendant's defense to the action.

Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court. See Vaden v. Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (9th Cir. 2009); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998); Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010). The complaint indicates that the only cause of action is one for unlawful detainer, which arises under state law and not under federal law. Thus, this action does not arise under federal law, and jurisdiction under 28 U.S.C. § 1331 does not exist.

Moreover, removal is improper because it is untimely. The applicable statute, 28 U.S.C. § 1446(b)(1), requires defendant to file a notice of removal within thirty days after receiving a copy of the complaint. Defendant contends that the complaint in this case was served on November 8, 2013, making December 9, 2013 the deadline to remove the case. NOR ¶ 2; see also ECF No. 102 at 88. Defendant's removal is untimely because it was not filed until December 18, 2013. See Beneficial Fin. I Inc. v. Grace, 2011 WL 6180132, at *1 (D. Haw. Dec. 13, 2011) (remanding case where removal was untimely).

Based on the foregoing, IT IS HEREBY ORDERED that defendant's motion to proceed in forma pauperis (ECF No. 2) is granted; and

IT IS HEREBY RECOMMENDED that this action be remanded to the Sacramento County Superior Court for lack of subject matter jurisdiction and as untimely removed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 5, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE